
FILED



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HENRY N. REYES,<br><br>      Plaintiff,<br><br>vs.<br><br>SOFIA B. OROPESA,<br><br>      Defendant. | DOMESTIC CASE NO. DM0834-10<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW<br>(Bench Trial) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 15, 2011, December 21, 2011, and December 22, 2011, for a bench trial. Final arguments were scheduled on January 24, 2012, continued for February 15, 2012, and February 23, 2012. Attorney Ron Moroni appeared on behalf of Henry N. Reyes ("Plaintiff"). Attorney Ryan F. Kaiser appeared on behalf of Sofia B. Oropesa ("Defendant"). Upon review of the evidence, oral and written arguments, and legal authorities presented by the parties, the Court hereby issues its Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

1. Plaintiff and Defendant were married on August 15, 2006, in Las Vegas, Nevada.

2. Since the marriage, Plaintiff has been a member of the United States Air Force. In 2008, Plaintiff was stationed at Andersen Air Force Base, Guam.

3. Since the marriage, Defendant has been a student and has not had full-time, gainful employment.

4. Plaintiff and Defendant purchased a home in Yigo, Guam, in August 2008. Both parties agree that the residence is community property. They resided there together until February 2011.

5. A timeshare in Las Vegas, Nevada known as "Tahiti Village," was purchased in August 2006 and registered in the names of both parties.

6. Each party purchased a parcel of real estate shortly before the marriage. The two parcels are as follows:

   a. Plaintiff has the following separate property: Real property identified as Melby Ranch, Lot Number 20, San Luis Valley, Colorado;

   b. Defendant's separate property: Real property identified as 5268 S Linnet Ave, Tucson, Arizona.

7. Plaintiff is currently stationed in Masawa Air Force Base, Japan, where he continues to reside.

8. A Complaint for Dissolution of Marriage was filed on December 20, 2010.

9. Plaintiff seeks a dissolution of the marriage on the grounds of irreconcilable differences.

10. Defendant seeks a dissolution of the marriage on the grounds of extreme cruelty and willful neglect.

11. The residency requirements of 19 G.C.A. § 8318 (a) are met, in that both parties were residents of Guam for at least ninety (90) days immediately preceding the filing of the complaint.

12. There is one minor child of the marriage:

| Name | D.O.B. | Gender |
|------|--------|--------|
| John Henry Oropesa Reyes | June 10, 2010 | Male |

13. The Court has jurisdiction of the child custody issues pursuant to 7 G.C.A. § 39201 (a)(1) of the Uniform Child-Custody Jurisdiction and Enforcement Act, as Guam was the "home state" of the minor child on the date of the filing of this proceeding.

14. The Court issued an order *pendente lite* on February 22, 2011, awarding the parties joint physical custody of the minor child wherein Defendant was to exercise her physical custody of the minor child from Tuesday evening through Sunday morning, and Plaintiff was to exercise his physical custody of the minor child from Sunday morning through Tuesday evening.

## CONCLUSIONS OF LAW

### I.    GROUNDS FOR DIVORCE

Plaintiff seeks a dissolution of marriage on the grounds of irreconcilable differences. Defendant counter-claims for divorce based on extreme cruelty and willful neglect. A dissolution of marriage may be granted for irreconcilable differences pursuant to 19 G.C.A. § 8203 (g). A dissolution of marriage may also be granted for extreme cruelty and willful neglect pursuant to 19 G.C.A. § 8203 (b) and (d). "Irreconcilable differences are those grounds which are determined by the Court to be substantial reasons for not continuing the marriage and make

it appear that the marriage should be dissolved." 19 G.C.A. § 8219. "Extreme cruelty is the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage." 19 G.C.A. § 8205. "Willful neglect is the neglect of the husband to provide for his wife the common necessaries of life, he having the ability to do so; or it is the failure to do so by reason of idleness, profligacy, or dissipation. 19 G.C.A. § 8216.

Irreconcilable differences are a common justification for dissolution pursuant to 19 G.C.A § 8203 (g). Because it appears to the Court that the marriage between Plaintiff and Defendant cannot be continued, the Court grants the divorce on this ground, irreconcilable differences. Notwithstanding the Court ruling on finding the dissolution of marriage based on irreconcilable differences, the Court still addresses the counter claim grounds made by Defendant.

As a general rule, an applicant for divorce on the ground of cruelty must establish a claim by a preponderance of the evidence. Mitchell v. Mitchell, 823 So. 2d 568 (Miss. Ct. App. 2002). During testimony, both Plaintiff and Defendant testified that Plaintiff manifested behaviors of controlling and excessive perfectionism towards the wife. Defendant testified that Plaintiff was controlling of Defendant, that he often criticized and insulted her, and that she suffered from low self-esteem and depression-like symptoms. Defendant also testified that she felt that she was treated like a subordinate in the military by Plaintiff. Defendant further testified that that Plaintiff would yell at her in public and that she eventually reached out to a therapist. Defendant's Testimony, Transcript JDAASCRA (12/21/2011) at 3:31:33 p.m.

Conduct which merely causes embarrassment is insufficient to amount to mental cruelty. Matthews v. Matthews, 36 Ill.App.3d 508, 511, 344 N.E.2d 21 (1976). Cruelty is not established by mere conclusions of the witness or general statements to the effect that the

defendant has mistreated the plaintiff or that they cannot live together. In re Marriage of Semmler, 90 Ill. App. 3d 649, 46 Ill. Dec. 62, 413 N.E.2d 502 (2d Dist. 1980). Something more than unkindness, rudeness, mere incompatibility, or want of affection must be shown. Sproles v. Sproles, 782 So. 2d 742 (Miss. 2001).

The Court finds that the facts of the case do not rise to render Defendant's counter claim of extreme cruelty.

The Court finds no factual basis for the claim of willful neglect and for that reason, holds that willful neglect would not be grounds for dissolution either.

## II. REAL PROPERTY

Plaintiff and Defendant represented that there are separate and community interests with respect to real property. Characterization of property in a marital dissolution action is the determination by the trial court of what property owned by the parties is separate or community property. Hart v. Hart, 2008 Guam 11 ¶24. Apportionment is used "[w]hen a trial court concludes that property contains both separate and community interests." Hart, 2008 Guam 11 ¶ 38. Separate property is property acquired by either spouse before the marriage or after entry of a decree of dissolution of marriage. 19 G.C.A. § 6101 (a)(1). Community property is property acquired by either spouse during the marriage which is not separate property. 19 G.C.A. § 6101 (b). Moreover, "property acquired during marriage by either husband or wife…is presumed to be community property." Blas v. Cruz, 2009 Guam 12 ¶ 23.

The Court granting the dissolution of marriage on the ground of irreconcilable differences is to distribute community property, equally, divided between the parties. 19 G.C.A. § 8411 (b).

### 1. Marital Home

The Court determines that the marital home is community property pursuant to 19 G.C.A. § 6101 (b). Upon arriving to Guam, the Parties purchased the marital home, located at 246 I Chalan Tan Kai Anaco, Lot 7006-16-R4, Yigo, Guam to serve as the primary residence of the marriage. Both Plaintiff and Defendant testified that they expect the property to be sold. Therefore, the Court orders that the marital home be sold, that the money received from the sale be used to pay off the mortgage debt, and that the remaining proceeds shall be divided equally between the parties. Prior to the sale of the marital home, Defendant must restore or replace the air conditioners and other items she removed from the home. If she is unable to do this, Plaintiff may purchase replacement items to make the house suitable for sale. If Plaintiff does so, he will be reimbursed for the cost of such items from the sale proceeds. Plaintiff should also continue to make the mortgage and other payments until a sale is finalized and would be reimbursed from the date of separation.

**2. Las Vegas, Nevada Time Share**

The Court determines that the Las Vegas, Nevada time share, also known as "Tahiti Village," is community property. It was purchased on the day the parties were married. Both Plaintiff and Defendant confirmed that this was community property. Additionally, both Plaintiff and Defendant expressed the intention that Defendant would receive this property. Therefore, Defendant is awarded the Las Vegas, Nevada "Tahiti Village" timeshare. Plaintiff will execute any and all documents pertaining to the Tahiti Village Time Share.

**3. Melby Ranch, Colorado**

The Court determines that the Melby Ranch property in San Luis Valley, Colorado contains both separate and community interests. Plaintiff purchased this property in September 2005, approximately ten months prior to the marriage of the parties. Plaintiff testified that he

was able to pay the balance of the property during the marriage using marital income. Therefore, Plaintiff is awarded this property as his separate property.

### 4. Arizona Property

The Court determines that the Arizona property identified as 5268 S Linnet Ave in Tucson, Arizona is Defendant's separate property. Defendant testified that while plaintiff was stationed overseas, she used community income in the form of monthly BAH allowance to pay the mortgage of the home. Defendant also testified that the mortgage remains and is being paid by renters who currently reside on the property. Defendant receives no income form this property. Defendant is awarded the Tucson, Arizona property as her separate property and she shall be held solely responsible for the mortgage debt thereof.

## III.   RETIREMENT EARNINGS

The Court has jurisdiction to treat military retirement pay in accordance with Guam's community property laws. Hart, 2008 Guam 11 ¶ 17. As a community property asset, the right to military retirement benefits is a property interest that may be characterized as community property under 19 G.C.A. § 6101 and divided in the dissolution of a marriage under 19 G.C.A § 8411. Hart, 2008 Guam 11 ¶ 26. In apportioning Plaintiff and Defendant's community property interest in the military retirement benefit, the Court will use the time rule. Under the time rule method of apportionment, "the community property interest in retirement benefits is the percentage representing the fraction whose numerator is the employee spouse's length of service during marriage before separation...and whose denominator is the employee spouse's length of service in total." Hart, 2008 Guam 11 ¶ 42. Accordingly, the following calculation is appropriate in the instant case:

> Plaintiff's disposable military retirement pay shall be computed by multiplying
> 50% times a fraction, the numerator of which is months of marriage during

Plaintiff's creditable military service (50 months), divided by his total months of creditable military service.

Therefore, upon Plaintiff's retirement from the military, Defendant shall receive a portion of Plaintiff's military retirement benefits in accordance with the above-stated formula.

## IV. CHILD CUSTODY & CHILD SUPPORT

Under Guam law, there is a preference for both joint legal and joint physical custody arrangements. Howerton v. Howerton, 2004 Guam 8 ¶ 14. The preference for either type of joint custody, however, "is always secondary to the best interests of the child." Id. (citing Flores v. Cruz, 1998 Guam 30 ¶ 12). Joint physical custody does not require that each parent have equal time with the child. Lanser v. Lanser, 2003 Guam 14 ¶ 13.

In the instant case, the child is under two years of age. On account of this, the Court grants joint legal and physical custody of John Henry Oropesa Reyes (DOB: 6/10/2010) to the Plaintiff and Defendant, with primary physical custody awarded to Defendant until the child reaches the age of five (5), wherein the Court where the child resides shall reevaluate the custody issue. In the meantime, Plaintiff shall receive liberal visitations with the minor child when he is present on Guam. In addition, Plaintiff shall be afforded physical custody for a three (3) month period annually until the Court reevaluates the custody issue when the child reaches five (5) years of age. Plaintiff shall pay Defendant child support in the amount determined by the Child Support Referee, pursuant to the Guam Child Support Guidelines. See Richardson v. Richardson, 2010 Guam 14 ¶ 13. Plaintiff's payments of child support will be abated for a three (3) month period whenever he has custody of the child on an annual basis. Plaintiff will pay for minor's transportation cost to and from each visitation period until custody is re-determined.

The Court finds that the parties recognize that frequent and continuing association between themselves and their child is in the best interests of the child, and they will work cooperatively toward that end. Each party shall have the right to communicate with the child while he is with the other party. This communication shall be reasonable, but otherwise without restrictions unless agreed to by the parties. Specifically, the child shall be allowed reasonable and private communication by telephone, email, Skype, and other available computer and electronic means, with a parent when he is absent from that parent.

## V.    TEMPORARY SPOUSAL SUPPORT

Plaintiff shall continue to pay Defendant spousal support in the amount of Five Hundred Dollars ($500) for twelve (12) months, terminating on January 31, 2013.

## VI.    PERSONAL PROPERTY

The Parties' 2005 Nissan Sentra is assigned to Defendant at the value of Five Thousand Dollars ($5,000). Any personal property bought during the marriage which cannot be equitably distributed by the parties is hereby ordered to be sold within sixty (60) days and the proceeds shall be equally distributed between the parties.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court finds the following:

1. Upon Plaintiff's request, a divorce is granted in favor of Plaintiff based upon irreconcilable differences.

2. The marital home in Yigo, Guam is community property. The property shall be sold with money earned to be used to satisfy the community mortgage debt obligation. The remaining proceeds shall be distributed equally between the parties.

3. The Las Vegas, Nevada timeshare, is awarded to Defendant.

4. The Colorado property shall be awarded to Plaintiff.

5. The Arizona home is Defendant's separate property and awarded to her.

6. Personal property bought during the marriage which cannot be equitably distributed by the parties shall be sold within sixty (60) days and the proceeds shall be equally distributed between Plaintiff and Defendant.

7. The Court determines that it is in the best interest of the child that the parties share joint legal and physical custody, with primary physical custody awarded to Defendant, until custody issues are reevaluated when the minor child reaches the age of five (5).

8. Plaintiff shall pay Defendant child support as determined by the Child Support Referee.

9. Plaintiff shall continue to pay Defendant temporary spousal support until January 31, 2013.

10. The Court finds that Defendant is entitled to military retirement benefits calculated pursuant to the formula herein.

**SO ORDERED** this ___9___ day of __April__, 2012.

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

APR 0 9 2012

**Amando D. Quitoriano**
Deputy Clerk, Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam